UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

LINDSEY GOLLIDAY, et al., )
)
        Plaintiffs, ) Case No. 1:10-cv-532
)
v. ) Honorable Robert Holmes Bell
)
CHASE HOME FINANCE, LLC, et al., )
) **REPORT AND RECOMMENDATION**
        Defendants. )
_____)

      This civil action was initiated by plaintiffs in the Berrien County Circuit Court and removed to this court on the basis of federal-question jurisdiction. The *pro se* plaintiffs, Lindsey and Nicola Golliday, are owners of real property located in Benton Harbor, Michigan. On November 25, 2008, they executed a promissory note in the amount of $189,499.00 in favor of Gateway Mortgage Group, LLC. The note was secured by a mortgage on plaintiffs' Benton Harbor real estate, given to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for the lender, Gateway Mortgage Group. The debt and security was purportedly assigned to defendant J.P. Morgan Chase, effective January 1, 2009. After plaintiffs defaulted on the mortgage note, defendant Trott & Trott, P.C. (a law firm) began proceedings on behalf of Chase to foreclose the mortgage by advertisement, pursuant to Michigan statute.

      Plaintiffs initiated the present case in the Berrien County Circuit Court on May 6, 2010, naming Chase Home Finance, LLC and Trott & Trott, P.C. as defendants. On June 3, 2010, defendants removed the action to this court, solely on the basis of federal question jurisdiction

pursuant to 28 U.S.C. § 1331. The amended complaint purports to allege federal claims under the Truth-in-Lending Act and the Real Estate Settlement Procedures Act against defendant Chase Home Finance, LLC, as well as a claim under the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, against both Chase and Trott & Trott. In addition to the FDCPA claim against Trott & Trott, plaintiffs have alleged a fraud claim arising from the fact that a Trott & Trott lawyer, Jeanne M. Kivi, signed the assignment of mortgage to Chase, acting as a vice-president of MERS. Plaintiffs allege that Kivi's signature is a forgery and that she signed the assignment without authority.

Trott & Trott has now moved for summary judgment on both the federal claim and the pendent state-law claim. With regard to the FDCPA claim, Trott & Trott asserts that plaintiffs have neither pleaded nor proven that Trott & Trott is a debt collector within the meaning of the FDCPA. Furthermore, they assert that the undisputed facts show compliance with the FDCPA. With regard to the state-law fraud claim, Trott & Trott has produced the affidavit of Jeanne Kivi, which avers that she has been appointed as a vice-president of MERS with authority to execute assignments and has supported this assertion with a certified copy of a corporate resolution from MERS naming Kivi, as well as others, as assistant secretaries and vice-presidents of the corporation with the specific authority to execute certain documents on its behalf. Plaintiffs have filed a brief in response to the motion, but have not produced any evidence in support of any of the propositions called into question by defendant's motion.

Judge Robert Holmes Bell has referred this matter to me, with the direction to file a report and recommendation on all dispositive matters, pursuant to 28 U.S.C. § 636(b). (*See* Order of Reference, docket # 3). I conducted a hearing on defendant's motion on November 9, 2010. For the reasons set forth below, I recommend that the motion of Trott & Trott, P.C. for summary

judgment be granted and that judgment be entered against plaintiffs on all claims alleged against Trott & Trott, P.C.

## Applicable Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a);[1] *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Cady v. Arenac County*, 574 F.3d 334, 339 (6th Cir. 2009). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows

---

[1] "The standard for granting summary judgment remains unchanged" under the amendments to Rule 56 that went into effect on December 1, 2010. FED. R. CIV. P. 56 advisory committee's note (2010 amendments).

that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

## Discussion

### I. Fair Debt Collection Practices Act Claim

A. Trott & Trott, P.C. as Debt Collector

Plaintiffs' amended complaint asserts a violation of the FDCPA arising from the alleged failure of Trott & Trott to verify a disputed debt. The FDCPA claim, as alleged in the amended complaint, reads as follows:

> 10. On March 18, 2010, we sent a certified response letter to Trott & Trott's debt collection letter that was sent to us on March 9, 2010. (Exhibit 6) We disputed the debt and asked them to validate it and also provide the name and address of the original creditor. Chase Home Finance and their representative Trott & Trott, PC have not provided us with this information and have violated the "Fair Debt Collection Practice Act" as amended by Pub.L. 109-351, 801-02, Stat. 1966 (206). (Exhibit 7)

(Amended Compl., docket # 1-3, ¶ 10). Read indulgently, paragraph 10 of the amended complaint states a claim under 15 U.S.C. § 1692g(b). That provision of the FDCPA provides that if a consumer notifies a debt collector in writing that a debt is disputed, the debt collector must cease collection of the debt "until the debt collector obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor" and mails such information to the consumer. The amended complaint alleges that plaintiffs notified Trott & Trott by letter dated March 18, 2010, that they disputed the debt and asked for validation, but that Trott & Trott had not provided plaintiffs with the requested information, as of the date of the amended complaint.

In its motion for summary judgment, Trott & Trott asserts that it is not a "debt collector" within the meaning of the Act. As a matter of law, liability for violation of 15 U.S.C. § 1692g can attach only to those who meet the statutory definition of "debt collector." *See Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003). The statute defines a "debt collector" as (1) any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or (2) any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.[2] 15 U.S.C. § 1692a(6). These statutory definitions do not focus on the particular conduct of the defendant giving rise to a plaintiff's claims. Rather, the court must look beyond the facts of the particular case to determine whether a defendant's "principal purpose" is to

---

[2] If a plaintiff is alleging a violation of 15 U.S.C. § 1692f(6), the term "debt collector" also includes a person who uses any instrumentality of interstate commerce in any business "the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6). The Sixth Circuit has squarely held that this special definition applies only to claims brought under section 1692f(6). *Montgomery*, 346 F.3d at 700-01. In the present case, the Gollidays have not alleged any violation of section 1692f(6).

collect debts or whether the defendant regularly engages in collecting debts. "In determining whether a party is a 'debt collector,' the focus 'is not on the events of the particular transaction but on the principal purpose of the defendant's business and/or the defendant's regular activities.'" *Stamper v. Wilson & Assoc. PLLC*, No. 3:09-cv-270, 2010 WL 1408585, at * 8 (E.D. Tenn. Mar. 31, 2010) (quoting *Overton v. Foutty & Foutty, LLP*, No. 1:07-cv-274, 2007 WL 2413026, at * 4 (S.D. Ind. Aug. 21, 2007)). Whether a party regularly attempts to collect debts is determined by the volume or frequency of its debt collection activities. *Id.*

The Supreme Court has held that law firms may qualify as debt collectors for purposes of the FDCPA. *See Heintz v. Jenkins*, 514 U.S. 291 (1995); *see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*, 130 S. Ct. 1605, 1618 (2010). A plaintiff pursuing a claim under the FDCPA, however, bears the burden of establishing by proof that the defendant is a debt collector. *See Goldstein v. Hutton, Ingram, Yuzek, Gainem, Carroll & Bertollotti*, 374 F.3d 56, 60 (2d Cir. 2004); *Pasa v. City of Columbus*, No. 2:03-cv-81, ___ F. Supp. 2d ___, 2010 WL 3825387, at * 5 (S.D. Ohio Sept. 28, 2010). In the present case, plaintiffs have neither pleaded nor proven that the principal purpose of the Trott & Trott law firm is debt collection or that the firm regularly engages in collecting debts. The amended complaint fails to allege even the conclusion that the firm is a debt collector, let alone allege facts that would plausibly tend to show that the firm is a debt collector. More importantly, for summary judgment purposes, the filing of a Rule 56 motion placed upon plaintiffs the burden of coming forward with sufficient evidence to raise a triable issue of fact on this question. *See Celotex Corp.*, 477 U.S. at 323; *Goldstein*, 374 F.3d at 60. Conclusory allegations or legal conclusions masquerading as factual allegations do not suffice. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

At oral argument, plaintiffs relied solely on the fact that some of the letters sent by Trott & Trott contain the following legend: "This firm is a debt collector attempting to collect a debt. Any information we obtain will be used for that purpose." (*See, e.g.,* Am. Compl., Ex. 6 at ID# 51). Courts faced with identical arguments have rejected the proposition that a law firm is transformed into a debt collector when its letterhead contains such a disclaimer. *See, e.g., Stamper*, 2010 WL 1408585, at * 9; *Chomilo v. Shapiro, Nordmeyer & Zielke, LLP*, No. 06-3103, 2007 WL 2695795 (D. Minn. Sept. 12, 2007). These courts point out that law firms that represent mortgagees in nonjudicial foreclosures are indeed "debt collectors" for the narrow purposes of 15 U.S.C. § 1692f(6). Hence, the firm could reasonably conclude that the FDCPA requires such a legend in certain circumstances, and therefore cannot be faulted when it errs on the side of caution. As one court put it:

> [I]f SNZ [the defendant law firm] includes FDCPA disclaimers in its notices then it may be seen as holding itself out as a debt collector under the FDCPA, but if it does not include such disclaimers then it subjects itself to potential liability for failing to comply with the FDCPA if a court were to determine that SNZ is a debt collector for purposes of the entire FDCPA and not just section 1692f(6). The Court will not penalize SNZ for having to make a Hobson's choice in this unsettled area of the law. SNZ was conducting a nonjudicial mortgage foreclosure by advertisement pursuant to Minnesota law. It was reasonable for SNZ to err on the side of caution and include the FDCPA disclaimers in its communications to [the plaintiff] Chomilo.

*Chomilo*, 2007 WL 2695795, at * 6; *accord*, *Stamper*, 2010 WL 1408585, at * 9 ("The question of whether defendants qualify as 'debt collectors' is a legal question which requires the court to determine the nature of the defendant's business. The fact that FDCPA disclaimers were sent in connection with a non-judicial foreclosure proceeding does not automatically transform the defendants into 'debt collectors.'"). Trott & Trott was admittedly representing a client in nonjudicial foreclosure proceedings and therefore was well advised to include the legend required by the Act.

This, without more, did not transform the firm into a debt collector for all purposes. Under the cited authorities, the use of the disclaimer by Trott & Trott is insufficient to raise a triable issue of fact on the question of the firm's status as a debt collector.

   B.  Violation of Section 1692g(b)

Even assuming that Trott & Trott qualifies as a debt collector for purposes of the FDCPA, that defendant is entitled to summary judgment on plaintiffs' statutory claim, because the record shows that Trott & Trott complied with the requirements of the Act. Plaintiffs sent Trott & Trott a letter dated March 18, 2010, demanding verification of the debt. By reason of section 1692g(b), a debt collector is thereafter required to cease collection of the debt "until the debt collector obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor" and mails such information to the consumer. Verification of a debt "involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999). The Sixth Circuit has held that there is no time limit for a debt collector to validate the debt under section 1692g(b). *Purnell v. Arrow Fin. Servs., LLC*, 303 F. App'x 297, 303 (6th Cir. 2008). "In fact, § 1692g(b) does not require the debt collector to validate the debt at all, as long as it ceases any collection activity." *Id.* (citing *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1031 (6th Cir. 1992)). "That is, the debt collector has a choice: it either may choose not to verify the debt and abandon its collection efforts, or it may decide to verify the debt and resume the collection activities once the requested validation

has been provided." *Purnell*, 303 F. App'x at 304 (citing *Jang v. A.M. Miller & Assoc.*, 122 F.3d 480, 483 (7th Cir. 1997)).

Defendant has filed an authenticated copy of a validation letter sent to plaintiffs on May 26, 2010. (Def. Ex. H, ID# 280-81). At oral argument, plaintiffs did not deny that they received this letter, nor have they presented any evidence that would raise a triable issue of fact in this regard. As the record stands, it is undisputed that Trott & Trott did indeed mail plaintiffs a verification letter approximately two months after plaintiffs demanded one. As noted, the statute does not impose any time limit on the sending of a verification notice, but merely requires that all collection efforts cease until the letter is sent. In the present case, the only activity that occurred after plaintiffs sent their demand for verification is that the nonjudicial foreclosure continued. It is well settled that activity in enforcing a security interest in collateral does not qualify as debt collection activity for purposes of the FDCPA. *See Montgomery v. Huntington Bank*, 346 F.3d 693, 700-01 (6th Cir. 2003); *see also Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458, 460-61 (11th Cir. 2009) (collecting cases). Specifically, when a law firm seeks to foreclose on real estate collateral in a nonjudicial proceeding, it is not engaged in debt collection activities. *See Gathing v. MERS, Inc.*, No. 1:09-cv-7, 2010 WL 889945 at * 13 (W.D. Mich. Mar. 10, 2010).

In short, plaintiffs have not established any violation of section 1692g(b). Even if Trott & Trott were a debt collector, the firm was not required to respond to plaintiffs' demand for verification within any particular time. The firm was merely precluded from pursuing debt collection activities until such time as it provided the requested verification. The firm did provide a verification letter on May 26, 2010, and plaintiffs have not produced any evidence that the firm

engaged in collection activities in the interim. Defendant is therefore entitled to summary judgment on plaintiffs' FDCPA claim on this alternative ground.

## II. State-Law Fraud Claim

Plaintiffs also purport to assert a common-law fraud claim. The legal basis for this claim is murky, at best. Factually, plaintiffs assert some sort of fraud arising from the signing of the assignment of mortgage dated March 24, 2010, from MERS to Chase. The amended complaint alleges that Jeanne M. Kivi, an attorney with Trott & Trott, "forged and signed an assignment of mortgage which has been recorded at the Berrien County Register of Deeds." (¶ 12). The amended complaint alleges that Ms. Kivi signed as the vice-president of MERS, in violation of state law and asks the court "to take action on this fraudulent and forged signature."

In support of its motion for summary judgment, Trott & Trott has submitted the affidavit of Jeanne M. Kivi. (ID# 295-96). The affidavit asserts that Ms. Kivi is a supervising attorney at the firm of Trott & Trott and that her professional duties include execution of certain documents in conjunction with the foreclosure process. (¶¶ 1-2). The affidavit admits that Ms. Kivi executed the assignment of mortgage dated March 24, 2010, from MERS (Mortgage Electronic Registration Systems) to Chase Home Finance, LLC. (¶ 4). The affidavit states that the signature is Ms. Kivi's and is not a forgery and explains that MERS has granted her the authority to execute assignments of mortgages by corporate resolution. (¶ 6). Accompanying the affidavit is a certified copy of a corporate resolution from Mortgage Electronic Registration Systems, Inc. reflecting that on August 21, 2007, the board of directors appointed Ms. Kivi and others as assistant secretaries and vice-presidents of the corporation for purposes of executing "any and all documents necessary to

foreclose" on property secured by a mortgage registered on the MERS system, including assignments of mortgages from MERS to Chase. (ID#s 292-93).

The Kivi affidavit and attachments establish that the signature on the March 24, 2010 assignment was indeed that of Ms. Kivi and that she had actual authority to sign on behalf of MERS. When faced with this sworn evidence, plaintiffs had the burden of coming forward with evidence raising a triable issue of fact in support of their allegation that the signature was forged and made without authority. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Steele v. City of Cleveland*, 375 F. App'x 536, 540 (6th Cir. 2010). Conclusory allegations in the complaint are insufficient. Rather, proof is required. *See Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008).

Michigan law requires a plaintiff to prove actionable fraud by clear and convincing evidence. *See Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976); *see also Nagler v. Garcia*, 370 F. App'x 678, 680 (6th Cir. 2010). Fraud is never presumed. 247 N.W.2d at 816. In the present case, plaintiffs have presented no evidence supporting their conclusory allegations of fraud arising from Ms. Kivi's execution of the March 24, 2010 assignment. Defendant Trott & Trott is therefore entitled to summary judgment on the pendent state-law claim.

**Recommended Disposition**

For the foregoing reasons, I recommend that the motion for summary judgment of Trott & Trott (docket # 28) be granted and that judgment be entered in favor of defendant and against plaintiffs on all claims.


Dated:   December 2, 2010				/s/  Joseph G. Scoville
						United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).