UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDSEY GOLLIDAY, et al.,

        Plaintiffs,

v.

CHASE HOME FINANCE, LLC, et al.,

        Defendants.

                                        /

Case No. 1:10-CV-532

Honorable Robert Holmes Bell

## OPINION AND ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On December 2, 2010, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") (Dkt. No. 48) recommending that the motion for summary judgment filed by Defendant Trott & Trott, P.C. (Dkt. No. 28) be granted and that judgment be entered in favor of Trott & Trott on all of Plaintiffs' claims against Trott & Trott. Plaintiff Lindsey Golliday filed objections to the R&R on December 21, 2010. (Dkt. No. 51.) Defendant Trott & Trott has filed a response. (Dkt. No. 55.)

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the

requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

The R&R recommended judgment in favor of Defendant Trott & Trott, P.C. on Plaintiffs' claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, because Plaintiffs failed to present evidence to create a triable issue of fact as to whether Trott & Trott is a debt collector within the meaning of the FDCPA, and as to whether Trott & Trott failed to comply with the FDCPA. Plaintiffs' objections fail to address either of the R&R's specific findings with respect to the FDCPA claim. Plaintiffs have not challenged the determination that Defendant Trott & Trott does not qualify as a debt collector for purposes of the FDCPA, nor have they challenged the determination that Trott & Trott complied with the FDCPA. Instead, Plaintiffs have raised various allegations against Mortgage Electronic Registration Systems, Inc. ("MERS"). MERS is not a party to this case, and Plaintiffs' allegations against MERS do not impact their FDCPA claim against Trott & Trott.

With regard to Plaintiffs' state-law forgery or fraud claim, Trott & Trott produced the affidavit of Jeanne Kivi, which avers that she was appointed as a vice-president of MERS with authority to execute assignments. Trott & Trott supported Kivi's assertion with a certified copy of a corporate resolution from MERS naming Kivi, as well as others, as assistant secretaries and vice-presidents of the corporation with the specific authority to execute certain documents on its behalf. The Magistrate Judge found that Trott & Trott was

2

entitled to summary judgment because Plaintiffs presented no evidence to support their conclusory allegations of fraud arising from Ms. Kivi's execution of the March 24, 2010, assignment.

In their objections, Plaintiffs do not challenge the evidence that MERS granted Kivi authority to execute the assignment. Instead, Plaintiffs challenge the corporate resolution because it does not have a corporate seal and was not notarized. The parties to the corporate resolution do not dispute its authenticity, and Plaintiffs offer no legal authority in support of their proposition that an agreement of this type must have a corporate seal or be notarized. Moreover, Plaintiffs offer no basis for finding that they, as non-parties to the assignment, have standing to challenge it. *See Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings*, No. 10-11589, 2010 U.S.Dist. LEXIS 58601, at *3 (E.D. Mich. June 14, 2010) ("Plaintiff cannot avoid its contractual obligations under the Loan Documents (including the contractual right of foreclose by advertisement contained within the Mortgage) by arguing that the assignments of those documents were invalid or ineffective.").

The Court has reviewed the matter and concludes that the R&R correctly analyzes the issues and makes a sound recommendation. Plaintiffs have offered nothing by way of argument or evidence to contradict the Magistrate Judge's findings. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's December 2, 2010, R&R (Dkt. No. 48) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Defendant Trott & Trott, P.C. (Dkt. No. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that a **PARTIAL JUDGMENT** is entered in favor of Defendant Trott & Trott, P.C., and all claims alleged against Trott & Trott, P.C. are **DISMISSED** from this action.


Dated: January 5, 2011          /s/ Robert Holmes Bell
                                ROBERT HOLMES BELL
                                UNITED STATES DISTRICT JUDGE