UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDSEY GOLLIDAY and NICOLA
GOLLIDAY,

      Plaintiffs,

                                      File No. 1:10-CV-532

v.

                                      HON. ROBERT HOLMES BELL

CHASE HOME FINANCE, LLC,

      Defendant.
                                     /

### ORDER APPROVING AND ADOPTING
### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On August 23, 2011, United States Magistrate Judge Joseph G. Scoville issued a report and recommendation ("R&R") recommending that Plaintiffs' motion for summary judgment (Dkt. No. 57) be denied, that Defendant's motion for summary judgment (Dkt. No. 60) be granted, and that a final judgment be entered in favor of Defendant on all Plaintiffs' claims. (Dkt. No. 71, R&R.) Plaintiffs filed objections to the R&R on September 8, 2011. (Dkt. No. 75.)

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must

be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiffs object to the R&R's failure to find that Defendant Chase Home Finance, LLC committed a continuous fraud as evidenced by: the existence of three signed promissory notes without a finding as to which is the original note; the execution of the assignment of mortgage to Defendant by Defendant's attorney; MERS' initiation of the foreclosure by advertisement after it had purportedly assigned the mortgage; and the numerous entities that have claimed ownership of Plaintiffs' mortgage and note despite the lack of recorded transfers.

Plaintiffs' concern with the R&R's failure to identify which note was the original promissory note is not material in light of the fact that Plaintiffs do not object to the R&R's finding that Plaintiffs entered into a promissory note in the amount of $189,499.00, or the finding that Plaintiff's documents are verbatim duplicates of the documents relied on by Chase. (*See* R&R 5, 11, 14-15.) The R&R's explanation of the MERS system adequately addresses Plaintiffs' concerns regarding the execution of the assignment and the lack of recorded transfers. (*See* R&R 5 n.3, 12-14.) Plaintiffs have not suggested that the R&R's explanation of the MERS system is erroneous. The R&R found that, contrary to Plaintiff's assertions, MERS did not initiate the foreclosure. (R&R 17-18.) This finding is supported by the record and Plaintiffs have not shown that this finding is erroneous.

Plaintiffs also object to the denial of their request for an evidentiary hearing on the

cross-motions for summary judgment. Plaintiffs' objection is without merit. A party opposing a motion for summary judgment is not entitled to an evidentiary hearing. To show that a fact is genuinely disputed, the party opposing the motion for summary judgment must support the assertion by citing to particular parts of materials in the record. Fed. R. Civ. P. 56(c)(1).

Upon *de novo* review, the Court agrees with the R&R's comprehensive and well-reasoned analysis of the parties' cross-motions for summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that the August 23, 2011, R&R (Dkt. No. 71) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiffs' objections to the R&R (Dkt. No. 75) are **OVERRULED**.

**IT IS FURTHER ORDERED** Plaintiffs' request for an injunction against the May 13, 2010, foreclosure sale is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for summary judgment (Dkt. No. 57) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (Dkt. No. 60) is **GRANTED.**

Dated: September 16, 2011              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       UNITED STATES DISTRICT JUDGE